UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARLOS WHITEHEAD, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:08CV1828 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Movant Carlos Whitehead's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"), filed November 25, 2008. (Doc. No. 1). The matter is fully briefed and ready for disposition.

## **BACKGROUND**

On September 16, 2004, a federal grand jury returned a five-count indictment against Movant Carlos Whitehead ("Movant") and co-Defendant Juanita Franklin. (Cause No. 4:04CR531 JCH, Doc. No. 1). Count One of the indictment charged Movant, a previously convicted felon, with manufacturing and possessing with intent to distribute in excess of fifty grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1), and punishable under 21 U.S.C. § 841(b)(1)(A)(iii). (Id.). Counts Two, Three, and Four of the indictment charged Movant with possession of heroin, cocaine, and marijuana, in violation of 21 U.S.C. § 844(a). (Id.). Count Five charged only co-Defendant Franklin, who pleaded guilty before Movant's trial. (Id.; see also Doc. No. 42).

On June 24, 2005, Movant's appointed attorney, federal public defender Felicia Jones, filed a motion to suppress, "any evidence and statements obtained in violation of the defendant's rights under the Fourth and Fifth Amendment[s] to the United States Constitution." (Cause No. 4:04CR531

JCH, Doc. No. 12). United States Magistrate Judge David D. Noce held an evidentiary hearing on Movant's motion on July 18, 2005. (Id., Doc. No. 27). The Magistrate Judge recommended that the Court deny Movant's suppression motion, and after considering Movant's objections, this Court adopted Magistrate Judge Noce's recommendation. (Id., Doc. Nos. 36, 46, 103).

On August 18, 2005, the Government filed a Criminal Information pursuant to 21 U.S.C. § 851(a), setting forth Movant's previous convictions, and giving notice of the statutory mandatory sentence of life in prison without release under 21 U.S.C. § 841(b)(1)(A)(iii). (Cause No. 4:04CR531 JCH, Doc. No. 47). On September 20, 2005, Ms. Jones moved for a psychiatric evaluation. (Id., Doc. No. 52). The Magistrate Judge granted the motion. (Id., Doc. No. 53). On January 31, 2006, Magistrate Judge Noce conducted a competency hearing, after which he found Movant competent to stand trial. (Id., Doc. Nos. 75, 77).

On February 17, 2006, Movant filed a pro se motion to substitute counsel. (Cause No. 4:04CR531 JCH, Doc. No. 86). The Magistrate Judge granted the motion, and appointed attorney Douglas S. Pribble to represent Movant. (Id., Doc. Nos. 95, 96). On May 1, 2006, Mr. Pribble moved to withdraw, based on his disagreement with Movant's insistence that Pribble move for disclosure of the identity of the confidential informant involved in Movant's case. (Id., Doc. No. 106). This Court denied the motion, along with Movant's pro se motion for such disclosure. (Id., Doc. Nos. 111, 142, PP. 4-7).

Following a jury trial held May 10-12, 2006, Movant was found guilty on all four counts of the indictment. (Cause No. 4:04CR531 JCH, Doc. Nos. 127, 131). Mr. Pribble again moved to withdraw, and the Court granted the motion on May 17, 2006. (Id., Doc. No. 134). The Court then appointed attorney Stephen R. Welby to represent Movant on May 22, 2006. (Id., Doc. No. 135). Through Mr. Welby, Movant objected to the Presentence Investigation Report and the Criminal Information on several grounds, including their suggestion that Movant possessed cocaine base

(crack), their recitation of his criminal history, and the constitutionality of the enhanced penalties under 21 U.S.C. § 841(a). (Id., Doc. Nos. 149, 150). During the sentencing proceeding on August 25, 2006, the Court overruled Movant's objections, and sentenced Movant to a term of life in prison without release. (Id., Doc. Nos. 155, 156). On June 1, 2007, Movant's convictions and sentence were affirmed on appeal. United States v. Whitehead, 487 F.3d 1068 (8th Cir. 2007). The United States Supreme Court denied Movant's petition for writ of certiorari on November 26, 2007. Whitehead v. United States, 552 U.S. 1050 (2007).

As stated above, Movant filed the instant § 2255 Motion on November 25, 2008. As the Court construes his motion[1], Movant makes the following claims for relief:

(1) That the trial court erred in denying Movant's request for a change of counsel;

(2) That Movant received ineffective assistance of pre-trial counsel, in that Ms. Jones:

    (a) failed to file a motion to suppress with sufficient legal citation;

    (b) failed sufficiently to cross-examine the Government's witness during the suppression hearing;

    (c) failed to file a motion to suppress Movant's statements to police pursuant to the Fifth Amendment;

    (d) failed to obtain the confidential informant's identity; and

    (e) failed to obtain any Jencks material regarding the confidential informant;

(3) That Movant received ineffective assistance of trial counsel, in that Mr. Pribble:

    (a) failed to emphasize to the jury the absence of Movant's fingerprints on the evidence;

    (b) failed to subpoena the confidential informant for trial;

---

[1] Movant's claims are repetitive and jumbled, making it difficult at times to discern where one claim ends and another begins.

(c) failed to retain a cocaine base (crack) expert;

(d) failed to investigate the circumstances surrounding Juanita Franklin's assertion of her Fifth Amendment privilege;

(e) failed to object to the Government's closing argument that chemist Joseph Crow testified he was sure the substance he tested was cocaine base (crack);

(f) failed to object to the model jury instruction regarding intent;

(g) failed to object to the introduction by the Government of Rule 404(b) evidence regarding Movant's prior convictions; and

(h) failed to object to the model jury instruction regarding possession; and

(4) That Movant received ineffective assistance of sentencing and appellate counsel, in that Mr. Welby:

(a) failed to argue the racial disparity between cocaine base (crack) and powder cocaine sentences; and

(b) failed to raise additional, unspecified issues on appeal.

(Movant's Memorandum of Law in Support of an Application under 2255 ("Movant's Memo in Support"), Doc. No. 1-1, PP. 7-31).

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a

complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citations omitted).[2]

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043 (citation omitted).

## DISCUSSION

**I.      Ground 1**

In Ground 1 of his § 2255 Motion, Movant asserts the trial court erred in denying Movant's request for a continuance to retain counsel other than Mr. Pribble. Movant raised this claim on direct appeal, and the Eighth Circuit denied the claim as follows:

> The district court did not abuse its discretion by denying Whitehead's request for a continuance to obtain new counsel. The right to choice of counsel is not absolute and is "circumscribed in several important respects." United States v. Gonzalez-Lopez, --- U.S. ---, ---, 126 S.Ct. 2557, 2561, 165 L.Ed.2d 409 (2006) (citation omitted). Whitehead acknowledges not only that the trial court has broad discretion to grant or deny a continuance for the purpose of retaining new counsel, but also that the district court's discretion is at its zenith when the issue is raised close to the trial date. See United States v. Vallery, 108 F.3d 155, 157 (8th Cir. 1997). Here, Whitehead moved for a continuance to retain new counsel on the very morning of trial. The district court reasoned that denial of the motion was justified because Whitehead had had ample time to retain a new attorney, a jury was ready, Whitehead had

---

[2] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" Reed, 512 U.S. at 353 (quoting Davis v. United States, 417 U.S. 333, 344 (1974)).

> already changed his counsel once, an additional continuance would be prejudicial to the government, and five continuances had already been granted to Whitehead, which cumulatively amounted to a delay of over two years. In light of these considerations, the district court did not abuse its discretion by denying Whitehead's motion. See, e.g., United States v. Armstrong, 112 F.3d 342, 344-45 (8th Cir. 1997) (denying an eleventh-hour request for new counsel and continuance); Vallery, 108 F.3d at 157-58; Urquhart v. Lockhart, 726 F.2d 1316, 1319 (8th Cir. 1984).

United States v. Whitehead, 487 F.3d at 1071. The Eighth Circuit repeatedly has held that an issue resolved on direct appeal cannot be relitigated in a §2255 motion. See, e.g., United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001), cert. denied, 534 U.S. 1083 (2002); Reid v. United States, 2010 WL 3829397 at *9 (E.D. Mo. Sept. 23, 2010). Ground 1 of Movant's §2255 Motion will therefore be denied.

## II. Standard For Ineffective Assistance Of Counsel

In order to prevail on a claim of ineffective assistance of counsel, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.

## III. Pre-Trial Counsel

### A. Ground 2(a)

In Ground 2(a) of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that his pre-trial counsel failed to file a motion to suppress with sufficient legal citation. (Movant's Memo in Support, PP. 9-12). Movant further faults his attorney for failing sufficiently to challenge the following: the reliability of the confidential informant's tip; whether there were actual sales of drugs by Movant; whether investigators conducted undercover purchases of drugs from Movant; whether the police conducted an NCIC check on Movant; and the issue of Movant's temporal proximity to the drugs. (Id., P. 11).

With respect to the first portion of Movant's claim, the Court finds it need not consider whether Movant establishes the requisite prejudice, because he fails to demonstrate his counsel's performance was constitutionally deficient under <u>Strickland</u>. In her Motion to Suppress Statements and Evidence, after reciting the relevant background information, Ms. Jones stated as follows:

> It is Mr. Whitehead's belief that he was illegally detained and searched. He contends that he was arrested without probable cause or a valid warrant in violation of his rights under the Fourth Amendment to the United States Constitution. Any statements made by Defendant were the product of his illegal arrest and were either made without him having been advised of his Constitutional rights or were the product of continued questioning after he had invoked his right to counsel, and are, therefore, subject to suppression under the Fourth and Fifth Amendment[s] to the United States Constitution.

(Cause No. 4:04CR531 JCH, Doc. No. 12, PP. 2-3). Based on these allegations, the Magistrate Judge conducted a full evidentiary hearing on July 18, 2005. (Id., Doc. No. 27). Under these circumstances, the Court cannot find Ms. Jones' efforts in filing the motion to suppress fell outside the wide range of professionally competent assistance sanctioned by <u>Strickland</u>.

The Court further finds Movant fails to establish his counsel was constitutionally deficient for failing to seek to suppress the evidence on other bases. For example, with respect to the reliability of the confidential information, in his affidavit in support of the search warrant Detective John Applegate

testified as follows: "My informant has provided me information in the past, which lead to the arrest of one subject, with the case pending in the federal system. My informant has further supplied me several times with information which I was already aware of and knew to be reliable and credible." (Respondent's Exh. G, Doc. No. 6-8, P. 2). The affidavit thus sufficiently stated the reliability of the informant, and counsel was not ineffective for failing to challenge it on that basis.[3] As to the remainder of Movant's complaints, i.e., whether there were actual drug sales by Movant, whether investigators conducted undercover purchases of drugs from Movant, whether the police conducted an NCIC check on Movant, and the issue of Movant's temporal proximity to the drugs, the Court notes these facts were not contained in the affidavit, and thus were not relied upon to establish probable cause for the search warrant. Counsel therefore was not ineffective for failing to raise the issues in her motion to suppress, and Ground 2(a) must be denied.

**B.     Ground 2(b)**

In Ground 2(b) of his motion Movant asserts he received ineffective assistance of counsel, in that his pre-trial counsel failed sufficiently to cross-examine the Government's witness during the suppression hearing. (Movant's Memo in Support, PP. 9, 10). Movant does not specify the additional questions he believes counsel should have asked, however. Absent these details, the Court finds Movant can establish neither deficient performance nor prejudice under Strickland. See Henderson v. Norris, 118 F.3d 1283, 1287 (8th Cir. 1997) (citation omitted) ("We first address [movant's] claim

---

[3] Movant further fails to establish prejudice with respect to counsel's failure to challenge the reliability of the confidential informant. In his affidavit, Detective Applegate detailed the steps he undertook to corroborate the information he received from the confidential informant. (Respondent's Exh. G, P. 2). Specifically, Detective Applegate conducted several surveillances over the course of a week, observed what appeared to be drug traffic, discovered that Juanita Franklin had a prior arrest record and an outstanding bench warrant, and confirmed that the utility service for the residence in question was in Ms. Franklin's name. (Id.). Taken together, these facts were sufficient to establish probable cause independent of the reliability of the informant. See, e.g., United States v. Coleman, 349 F.3d 1077, 1083 (8th Cir. 2003), cert. denied, 541 U.S. 1080 (2004); United States v. Turrentine, 2008 WL 2859160 at *6 (E.D. Mo. July 23, 2008).

testified as follows: "My informant has provided me information in the past, which lead to the arrest of one subject, with the case pending in the federal system. My informant has further supplied me several times with information which I was already aware of and knew to be reliable and credible." (Respondent's Exh. G, Doc. No. 6-8, P. 2). The affidavit thus sufficiently stated the reliability of the informant, and counsel was not ineffective for failing to challenge it on that basis.[3] As to the remainder of Movant's complaints, i.e., whether there were actual drug sales by Movant, whether investigators conducted undercover purchases of drugs from Movant, whether the police conducted an NCIC check on Movant, and the issue of Movant's temporal proximity to the drugs, the Court notes these facts were not contained in the affidavit, and thus were not relied upon to establish probable cause for the search warrant. Counsel therefore was not ineffective for failing to raise the issues in her motion to suppress, and Ground 2(a) must be denied.

**B.     Ground 2(b)**

In Ground 2(b) of his motion Movant asserts he received ineffective assistance of counsel, in that his pre-trial counsel failed sufficiently to cross-examine the Government's witness during the suppression hearing. (Movant's Memo in Support, PP. 9, 10). Movant does not specify the additional questions he believes counsel should have asked, however. Absent these details, the Court finds Movant can establish neither deficient performance nor prejudice under Strickland. See Henderson v. Norris, 118 F.3d 1283, 1287 (8th Cir. 1997) (citation omitted) ("We first address [movant's] claim

---

[3] Movant further fails to establish prejudice with respect to counsel's failure to challenge the reliability of the confidential informant. In his affidavit, Detective Applegate detailed the steps he undertook to corroborate the information he received from the confidential informant. (Respondent's Exh. G, P. 2). Specifically, Detective Applegate conducted several surveillances over the course of a week, observed what appeared to be drug traffic, discovered that Juanita Franklin had a prior arrest record and an outstanding bench warrant, and confirmed that the utility service for the residence in question was in Ms. Franklin's name. (Id.). Taken together, these facts were sufficient to establish probable cause independent of the reliability of the informant. See, e.g., United States v. Coleman, 349 F.3d 1077, 1083 (8th Cir. 2003), cert. denied, 541 U.S. 1080 (2004); United States v. Turrentine, 2008 WL 2859160 at *6 (E.D. Mo. July 23, 2008).

that counsel was ineffective for failing to adequately cross-examine [the Government's witness]. [Movant] does not specify how counsel should have proceeded, simply describing counsel's performance as 'lame.' This is not the type of error, if indeed it was error at all, that the Sixth Amendment functions to correct."), cert. denied, 522 U.S. 1129 (1998). Ground 2(b) is denied.

**C.     Ground 2(c)**

In Ground 2(c) of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that his pre-trial counsel failed to file a motion to suppress Movant's statements to the police pursuant to the Fifth Amendment. (Movant's Memo in Support, PP. 12-14). With this ground, Movant fails to satisfy either prong of the Strickland test. Specifically, the Court finds Movant's counsel was not constitutionally deficient, as she did move to suppress the statements at issue. (See Cause No. 4:04CR531 JCH, Doc. No. 12, PP. 2-3 ("Any statements made by Defendant were the product of his illegal arrest and were either made without him having been advised of his Constitutional rights or were the product of continued questioning after he had invoked his right to counsel, and are, therefore, subject to suppression under the Fourth and Fifth Amendment[s] to the United States Constitution.")). Movant further suffered no prejudice from the alleged error, as the Magistrate Judge conducted a full analysis of the admissibility of the statements at issue, eventually concluding they were all admissible. (Id., Doc. No. 36, PP. 6-7). Ground 2(c) is denied.

**D.     Ground 2(d)**

In Ground 2(d) of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that his pre-trial counsel failed to obtain the confidential informant's identity. (Movant's Memo in Support, PP. 14-15). Upon consideration, the Court finds it need not consider whether Movant's counsel's performance was constitutionally deficient, as with this claim Movant fails to demonstrate the requisite prejudice. The Court's review of the record reveals that Movant himself filed a pro se motion for disclosure of the informant's identity, which was denied by this Court prior

to trial. (See Cause No. 4:04CR531 JCH, Doc. Nos. 111, 142, PP. 4-7). In light of these circumstances, the Court finds Movant fails to demonstrate a reasonable probability that, but for counsel's allegedly unprofessional error, the result of his proceeding would have been different, and so his claim of prejudice must fail. See Strickland, 466 U.S. at 694. Ground 2(d) is denied.

### E. Ground 2(e)

In Ground 2(e) of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that his pre-trial counsel failed to obtain any Jencks material regarding the confidential informant. (Movant's Memo in Support, PP. 15-16). Once again, with this claim Movant fails to demonstrate the requisite prejudice; in other words, because the confidential informant was not a witness at trial, there was no Jencks material subject to disclosure. See 18 U.S.C. § 3500(a) ("In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."). Ground 2(e) is denied.

## IV. Trial Counsel

### A. Ground 3(a)

In Ground 3(a) of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that his trial counsel failed to emphasize to the jury the absence of Movant's fingerprints on the evidence. (Movant's Memo in Support, P. 21). With this claim, the Court finds Movant fails to establish either prong of the Strickland test. Specifically, Movant's trial counsel was not constitutionally deficient, as he ensured that the Government performed a fingerprint analysis prior to trial, and the analysis revealed that Movant's prints were not on the evidence. Trial counsel went so far as to prepare a stipulation to that effect, but Movant refused to sign the document. (See Cause No. 4:04CR531 JCH, Doc. No. 143, PP. 25-28). Movant further fails to demonstrate prejudice, as

both the Government and defense counsel effectively established at trial that Movant's fingerprints were not on the evidence. (Id., PP. 37-40, 43-44). Ground 3(a) is denied.

### B. Ground 3(b)

In Ground 3(b) of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that his trial counsel failed to subpoena the confidential informant for trial. (Movant's Memo in Support, PP. 18-20). With this claim, Movant again fails to establish his counsel's performance was deficient. In other words, as previously discussed Movant was not entitled to discover the identity of the confidential informant, and so his trial counsel cannot be held constitutionally deficient for failing to subpoena the informant for trial. Ground 3(b) is denied.

### C. Ground 3(c)

In Ground 3(c) of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that his trial counsel failed to retain an expert to rebut the Government's experts on the manufacturing process for cocaine base (crack) and chemically related substances. (Movant's Memo in Support, PP. 20-21). With this claim, the Court again finds Movant fails to establish either prong of the Strickland test. In other words, Movant's trial counsel was not constitutionally deficient in this regard, as he questioned the Government's expert chemist at length during trial, successfully establishing that although cocaine base (crack) generally contains baking soda, the expert chemist did not test for the presence of baking soda in the substance possessed by Movant. (Cause No. 4:04CR531 JCH, Doc. No. 142, PP. 265-66). With respect to prejudice, Movant offers absolutely no evidence another expert would have concluded the substance at issue was not cocaine base

(crack).[4] Movant thus fails to demonstrate that absent his counsel's alleged error, the result of his proceeding would have been different. Ground 3(c) is denied.

**D.     Ground 3(d)**

In Ground 3(d) of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that trial counsel failed to investigate the circumstances surrounding Juanita Franklin's assertion of her Fifth Amendment privilege. (Movant's Memo in Support, PP. 21-23; Movant's Pro Se Reply to the Government's Response to § 2255 Motion ("Movant's Reply"), PP. 18-20). Upon consideration, the Court finds that with this claim, Movant fails to demonstrate the requisite prejudice under Strickland. In a letter dated April 27, 2006, Mr. Pribble explained the following to Movant:

> First, you want me to subpoena Juanita Franklin. As you probably know, she pled guilty to possession of heroin (the black tar that was found on her at the time of her arrest) and she was sentenced to probation. I contacted the U.S. Attorney to ask whether she has cooperated with the Government and "locked" herself into a particular story. She has. If called to testify, she would either invoke her "5th Amendment privilege" or she would testify in a manner that would be completely harmful to you. Specifically, she has

---

[4] The Eighth Circuit delineated the evidence presented by the Government that the substance was in fact crack cocaine, as follows:
> Additionally, "[i]t is well established that 'the identity of a controlled substance can...be proved by circumstantial evidence and opinion testimony.'" United States v. Covington, 133 F.3d 639, 644 (8th Cir. 1998) (alteration in original) (quoting United States v. Williams, 982 F.2d 1209, 1212 (8th Cir. 1992)). Here, Applegate testified that he believed the substance was crack cocaine. DEA Special Agent James McHugh, an individual who had been involved in more than 250 drug distribution or manufacturing investigations, testified that he had examined the cocaine and that it appeared to be crack cocaine. He also stated that crack cocaine can be prepared in a microwave. Although the cocaine removed from the microwave was still damp and may not have been in chunks at the time it was weighed, McHugh testified that properly cooked crack cocaine takes on its characteristic rock-like form when allowed to dry out. Crow observed that the cocaine had taken on a rock-like form after drying in an evidentiary envelope. Crow had also determined that the cocaine identified as crack was not cocaine hydrochloride (cocaine powder) and testified that there were more than 50 grams of crack cocaine.

United States v. Whitehead, 487 F.3d at 1071-1072 (citation omitted).

> committed herself to the following "facts": That you were a drug dealer and made deals from 4220 Ellenwood; that there were certain people, that she can name by first name, that you dealt with; that you were secretive about it and would ask her to leave so that you could "take care of business", which is what she did on the day that the police executed the search warrant; that you introduced her to heroin use; and that you were living at the house with her, although the apartment was in her name and she paid the bills. If she lies about any of this at trial, she will be prosecuted for perjury. And no lawyer is going to let her do that. Therefore, I see no point in trying to find her and serve a subpoena on her. On the contrary, I am choosing not to call her as a witness, as it would seem only to serve to guarantee your conviction. The Government will produce these written statements at trial so that the record is clear that Ms. Franklin is, for all intents and purposes, a "Government witness".

(Respondent's Exh. F, Doc. No. 6-7, P. 1). Movant presents no viable evidence tending to demonstrate that had Mr. Pribble successfully challenged Ms. Franklin's assertion of the privilege, she would have testified in a manner favorable to Movant. Movant thus fails to demonstrate that absent his counsel's alleged error, the result of his proceeding would have been different, and so Ground 3(d) must be denied.

### E.   Ground 3(e)

In Ground 3(e) of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that trial counsel failed to object to the portion of the Government's closing argument in which it stated that chemist Joseph Crow testified he was sure the substance he tested was cocaine base (crack). (Movant's Memo in Support, PP. 23-25). Upon consideration, the Court finds it need not consider whether Movant establishes the requisite prejudice, because with this claim he fails to demonstrate his counsel's performance was constitutionally deficient under Strickland. At trial, Mr. Crow testified in relevant part as follows:

> Q   And in this case, Mr. Crow, is there any doubt in your mind, based on these distinctions, that the substances you referred to yesterday as cocaine base or crack cocaine are, in fact, those substances in Government's Exhibits 1, 3 and 4?

  A  I am absolutely positive that the material in 1, 3 and 4?

  Q  Yes, sir.

  A  Is cocaine base, and it is not cocaine hydrochloride.

(Cause No. 4:04CR531 JCH, Doc. No. 143, P. 22). The Government then paraphrased Mr. Crow's testimony during closing argument, as follows:

> You heard the testimony of Joseph Crow, the chemist. He confirmed for you what these substances are. It's crack cocaine, heroin, cocaine and marijuana. There was discussion with him about whether there was baking soda found in the crack cocaine, but, again, Ladies and Gentlemen, look at the instructions. There's no requirement this Defendant possess baking soda. He confirmed one hundred percent that this is crack cocaine in his conclusions, and he told you there was no doubt in his mind, and he distinguished the crack cocaine from the powder cocaine. So he confirmed for you what these substances are, and we know that the Defendant possessed these drugs.

(Id., Doc. No. 144, PP. 30-31). Under Eighth Circuit law, "[s]o long as prosecutors do not stray from the evidence and the reasonable inferences that may be drawn from it, they, no less than defense counsel, are free to use colorful and forceful language in their arguments to the jury." United States v. Mullins, 446 F.3d 750, 759 (8th Cir.) (internal quotations and citation omitted), cert. denied, 549 U.S. 923 (2006); United States v. Two Elk, 536 F.3d 890, 907 (8th Cir. 2008). This Court finds the Government's statements were permissible under Mullins, and thus any objection thereto would have been overruled. Movant's attorney cannot be held deficient for failing to raise a futile objection, and so Ground 3(e) must be denied.

  **F.**  **Ground 3(f)**

In Ground 3(f) of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that trial counsel failed to object to the model jury instruction regarding intent. (Movant's Memo in Support, PP. 25-26). The instruction at issue stated as follows: "Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by the defendant,

and all the facts and circumstances in evidence which may aid in a determination of defendant's knowledge or intent. You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted." (Cause No. 4:04CR531 JCH, Doc. No. 128, P. 20). Movant challenges the last sentence of the instruction, alleging it improperly shifted the burden of proof on the issue of intent. Under Eighth Circuit law, however, the instruction was permissible, and thus any objection thereto would have been overruled. See United States v. Martin, 772 F.2d 1442, 1445-46 (8th Cir. 1985); United States v. Hawley, 619 F.3d 886, 896 (8th Cir. 2010). Movant's counsel cannot be held constitutionally deficient for failing to raise a futile objection, and so Ground 3(f) of Movant's Motion must be denied.

### G.  Ground 3(g)

In Ground 3(g) of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that trial counsel failed to object to the introduction by the Government of Rule 404(b) evidence regarding Movant's prior convictions. (Movant's Memo in Support, PP. 26-27; Movant's Reply, PP. 20-21). Under Eighth Circuit law, "[t]o be admissible under Rule 404(b), the evidence must be 1) relevant to a material issue raised at trial, 2) similar in kind and close in time to the crime charged, 3) supported by sufficient evidence to support a jury finding the defendant committed the other act, and 4) its probative value is not substantially outweighed by its prejudicial value." United States v. Oaks, 606 F.3d 530, 539 (8th Cir. 2010). The Court's review of the record reveals the prior convictions introduced during Movant's trial met the standards of Rule 404(b). The evidence thus was admissible, and any objection raised by Movant's trial counsel would have been overruled.

As further support for its ruling, the Court notes the evidence presented by the Government during Movant's trial was extremely strong. The evidence regarding Movant's prior convictions thus was not necessary to establish Movant's knowledge and intent to participate in the crimes at issue,

and therefore the introduction of the 404(b) evidence, "did not have substantial and injurious effect or influence in determining the jury's verdict." United States v. Mejia-Uribe, 75 F.3d 395, 399 (8th Cir.) (internal quotations and citations omitted), cert. denied, 519 U.S. 855 (1996). Movant thus fails to demonstrate the outcome of his trial would have been different had his counsel successfully argued against the introduction of the Rule 404(b) evidence, and so Ground 3(g) must be denied.

**H.** **Ground 3(h)**

In Ground 3(h) of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that trial counsel failed to object to the model jury instruction regarding possession. (Movant's Memo in Support, PP. 27-28). The instruction at issue stated as follows:

> The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may have sole or joint possession.
> A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.
> A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.
> If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.
> Whenever the word "possession" has been used in these instructions it includes actual as well as constructive possession and also sole as well as joint possession.

(Cause No. 4:04CR531 JCH, Doc. No. 128, P. 18). While the exact nature of Movant's complaint in Ground 3(h) is unclear, the Court notes the instruction is a model instruction routinely given by this Court and consistently approved by the Eighth Circuit. See, e.g., United States v. Cantrell, 530 F.3d 684, 693-694 (8th Cir. 2008); United States v. Smith, 104 F.3d 145, 148 n. 2 (8th Cir. 1997). Movant's counsel thus cannot be found constitutionally deficient for failing to object to the instruction, and Ground 3(h) must be denied.

### V. Sentencing And Appellate Counsel

#### A. Ground 4(a)

In Ground 4(a) of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that his sentencing counsel failed to argue the racial disparity between cocaine base (crack) and powder cocaine sentences. (Movant's Memo in Support, PP. 28-30). The Court notes that at the time of Movant's sentencing, the disparity repeatedly had been sustained against allegations of racial inequity, and thus Movant's counsel was not ineffective for failing to raise the challenge. See, e.g., United States v. Herron, 97 F.3d 234, 239-240 (8th Cir. 1996), cert. denied, 519 U.S. 1133 (1997); United States v. Smith, 82 F.3d 241, 244 (8th Cir.), cert. denied, 519 U.S. 856 (1996). Ground 4(a) is denied.

#### B. Ground 4(b)

In his final ground, Movant asserts generally that his appellate counsel was ineffective. (Movant's Memo in Support, PP. 30-31). Movant does not specify the issues appellate counsel should have raised, however. Absent such allegations, the Court cannot assess whether Movant satisfies the Strickland test for ineffective assistance of counsel. Ground 4(b) thus fails to raise a claim for relief, and must be denied.

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED,** and Movant's claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997), <u>cert. denied</u>, 525 U.S. 834 (1998).

Dated this `16th  day of February, 2011.

                                             /s/ Jean C. Hamilton
                                             UNITED STATES DISTRICT JUDGE